NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALVAREZ GUTIERREZ, AKA Luis A. Alvarez, AKA Carlos Alberto Alvarez Gutierrez, AKA Carlos Gutierrez Alvarez, AKA Juan Carlos Quintero, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-71234 <br> 18-73059 <br><br> Agency No. A095-797-327 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and DESAI, Circuit Judges.

Luis Alvarez-Gutierrez appeals the determination of an immigration judge (IJ)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

that he did not have a reasonable fear of persecution or torture in Mexico, his country of origin. He also seeks review of the denial by the Board of Immigration Appeals (BIA) of his motion to reopen proceedings in the case that led to his first removal. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petitions for review.

Alvarez-Gutierrez illegally reentered the United States in 2009. After the Department of Homeland Security reinstated his prior order of removal, he said that he was afraid to return to Mexico because of gang violence and threats against his family members there. An asylum officer determined that Alvarez-Gutierrez did not have a reasonable fear of persecution or torture, a prerequisite for relief, and an IJ affirmed.

1. We review for substantial evidence the IJ's negative reasonable-fear determination. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). Under this standard, we must affirm unless Alvarez-Gutierrez has shown that the evidence compels reversal. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

Non-citizens whose prior orders of removal have been reinstated may be eligible for withholding of removal and relief under the Convention Against Torture (CAT). *Andrade-Garcia v. Lynch*, 828 F.3d 829, 830–32 (9th Cir. 2016). Before they may present their claims to an IJ, they must convince an asylum officer or an IJ that they have a "reasonable fear of persecution or torture." 8 C.F.R. § 1208.31(c), (g). To do so, they must establish a "reasonable possibility" that they would be

2

persecuted on account of a protected ground or tortured in the country of removal. *Id.* § 1208.31(c). A ten-percent chance of persecution or torture suffices, *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195, 1195 (9th Cir. 2021), but we require "a good reason to fear future persecution based on credible, direct, and specific evidence in the record." *Bartolome v. Sessions*, 904 F.3d 803, 809 (9th Cir. 2018) (quoting *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008)).

Non-citizens must also demonstrate that the government is responsible for the harm that they fear, either because the government will persecute them or fail to control those who persecute them, *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (withholding), or because the government will torture them or acquiesce in their torture by others, *Andrade-Garcia*, 828 F.3d at 836 (CAT).

Substantial evidence supports the IJ's conclusion that Alvarez-Gutierrez has not made the necessary showing. Assuming (without deciding) that Alvarez-Gutierrez's family is cognizable as a "particular social group"—the statutory ground upon which he relies for relief—the record does not compel the conclusion that he reasonably fears persecution because of his family ties. Alvarez-Gutierrez testified that he was afraid that the same people that had attacked his father would attack him, a fear corroborated by the threats that his family reported receiving after the attack on his father. However, he also conceded that his family stopped receiving threats after they reported the attack to the police. This concession also makes it unlikely

3

that the Mexican government is responsible for, or will acquiesce in, the harm that he fears, which is a requirement for relief. Alvarez-Gutierrez's other fears—of generalized gang violence, violence against returnees, and violence against those perceived to be wealthy—are not cognizable under the Immigration and Nationality Act and do not justify relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016).

Nor does the evidence compel the conclusion that Alvarez-Gutierrez reasonably fears torture in Mexico. By his own admission, the police have prevented further harm or threats to his family. Thus, the record does not suggest that the government is likely to torture Alvarez-Gutierrez or acquiesce in his torture by others.

Alvarez-Gutierrez's counterarguments are unavailing. First, he faults the IJ for failing to determine whether his proposed particular social group was valid. But Alvarez-Gutierrez failed to prove that his membership in that group was "a reason" for the persecution he fears. *See* 8 U.S.C. § 1231(b)(3)(C). Accordingly, the IJ was not required to assess his group's validity. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Second, Alvarez-Gutierrez claims that the IJ should have addressed whether

4

the harm that his family suffered amounted to persecution. But such a determination, too, was unnecessary, because Alvarez-Gutierrez does not argue that he suffered past persecution and because his family members are not seeking relief.

Third, he claims that the police acquiesced in the harm to his father, which he calls torture. But "[t]he inability to bring the criminals to justice is not evidence of acquiescence[.]" *Andrade-Garcia*, 828 F.3d at 836. And there is no support in the record for his allegation that the police—whose actions apparently prevented further harm—had prior awareness of any torturous activity of the gangs. *See ibid*.

2. Alvarez-Gutierrez's two opening briefs do not address the BIA's denial of his motion to reopen. This court does not ordinarily review issues not presented in an opening brief, so we decline to review this issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078–80 (9th Cir. 2013); *Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003).

The petitions are **DENIED**.